WRIGHT *vs.* THE CITY COUNCIL OF AUGUSTA.

A municipal corporation is not liable to an action for damages re-
  sulting from the negligence or inefficiency of its fire department,
  or the insufficiency of the supply of water, although it may levy
  an annual water tax, and may have in its employment officers
  whose duty it is to keep the fire-plugs in good order and the mains
  filled with water, and although there may have been similar negli-
  gence by the firemen on previous occasions.
(a) Wherever the negligence or non-feasance of the ordinary agents
  and servants of the corporation, as distinguished from that of its
  officers, causes the injury, or when the loss results from acts mere-
  ly ministerial, as distinguished from such as are legislative and
  governmental in character, exercised for the sole and immediate
  benefit of the public, or where the corporation is exercising, as a
  corporation, its private franchise powers and privileges, which be-
  long to it for its immediate corporate benefit, or is dealing with
  property held by it for its corporate advantage, gain or emolument,
  though inuring ultimately to the benefit of the general public;
  then, and only then, it becomes liable for the negligent exercise
  of such powers, precisely as are individuals.

  November 23, 1886.

Municipal Corporations. Actions. Damages. Before
Judge RONEY. Richmond Superior Court. April Term,
1886.

Reported in the decision.

LEONARD PHINIZY; SALEM DUTCHER, for plaintiff in error.

JOHN S. DAVIDSON, for defendant.

HALL, Justice.

Wright brought suit against the City Council of Augusta,
averring in his declaration that he was a citizen of Au-
gusta and owner of two adjacent houses therein; that,
without fault on his part, one of them caught fire; that
the fire department promptly appeared, but were unable
to open the fire-plug for that locality with their usual ap-

pliances; that it was found necessary to send off after a monkey-wrench wherewith to open it, thus consuming much valuable time; that on the plug being finally opened, it was discovered there was no water in the main; that a special messenger was then dispatched to the city water works, and, a supply of water having been at last pressed into the main, the firemen at once extinguished the conflagration, but not until one of the plaintiff's houses had been wholly destroyed and the other much injured, to his damage $1,200; that defendant is liable therefor; that it annually levies a large water tax, and engages to have constantly available an abundant supply of water for all purposes; that it has in its employ certain officers whose duty it is, under the city ordinances, to keep the fire-plugs in good order and the mains filled with water at proper pressure; that on this occasion, said officers failed and neglected to perform said duties, whereby plaintiff was endamaged as aforesaid; that, on prior like occasions, they had been similarly negligent; that such negligence had been reported, and was well known to defendant, prior to the fire on plaintiff's premises, but notwithstanding such knowledge, defendant continued them in its employ; and since said fire, with full knowledge of their negligence thereat, still retains them. To this declaration the defendant demurred upon the ground that it sets forth no legal cause of action against it, and the court sustained the demurrer and dismissed the suit. To this judgment the plaintiff excepted, and this exception brings up the question for our determination.

Our attention has been directed to no case where a municipal corporation has been held liable for damage done to the property of a citizen in consequence of its failure to provide suitable engines and apparatus, or on account of defective cisterns, or an insufficient supply of water to extinguish the flames, or the inefficiency, carelessnes and neglect of its firemen or the officers in charge of them, and whose duty it is to direct their operations; while we

have been furnished with a number of cases that hold they are not so liable, even where they have authority to levy and collect and do levy and collect a tax for that purpose. "The exemption from liability," says Dillon (2 Municipal Corp. §976, 3rd ed.), "is placed upon the ground that the service is performed by the corporation in obedience to an act of the legislature, is one in which the corporation has no particular interest and from which it derives no special benefit in its corporate capacity; that the members of the fire department, although appointed by the city corporation, are not the agents and servants of the city for whose conduct it is liable; but they act rather as the officers of the city charged with a public service, for whose negligence in discharge of official duty no action lies against the city without being expressly given; and the maxim *respondeat superior* has, therefore, no application. Nor is such a corporation liable to the owners of property destroyed or damaged by fire in consequence of its neglect to provide suitable engines or fire apparatus, or to provide and keep in repair public cisterns. A liability on the part of the corporation was sought to be sustained upon the ground of the neglect of a corporate duty, but the court considered that powers of this nature were legislative and governmental, and excluded the notion of implied responsibility to individuals based on neglect or non-feasance, and distinguished the case from those in which the duty is purely ministerial." In Black vs. City of Columbia, 19 S. C. 412 (45 Am. R. 785), the Supreme Court of South Carolina, in a well-considered and able judgment pronounced by McGowan, J., after a critical examination and exhaustive review of the cases upon the subject, reached the conclusion that "the city was not liable to a citizen for the destruction of his house by fire owing to an inadequate supply of water, although it taxed him for water, and there was an understanding that there should always be an adequate supply for extinguishing fires." Whenever the negligence or non-feasance of the ordinary agents and servants of the

corporation, as distinguished from that of its officers, causes the injury, or when the loss results from acts merely ministerial, as distinguished from such as are legislative and governmental in character, exercised for the sole and immediate benefit of the public, or where the corporation is exercising, as a corporation, its private franchise powers and privileges, which belong to it for its immediate corporate benefit, or is dealing with property held by it for its corporate advantage, gain or emolument, though inuring ultimately to the benefit of the general public, then, and only then, it becomes liable for the negligent exercise of such powers precisely as are individuals. This clear and essential distinction is sustained by a multitude of cases cited by the Supreme Court of Vermont, and many others which might have been added, in Welch *vs.* Village of Rutland, 56 Vermont, 228 (48 American R. 766) *et seq.*, and effectively disposes of the citations of cases on the brief of the learned and indefatigable counsel for the plaintiff in error, where municipal corporations have been held liable for injuries to individuals, resulting from negligent construction and repairs of streets, bridges, canals, sewers, etc., and plainly points out the difference between these cases and such damage as may be occasioned by the negligent and careless conduct of those engaged in operating the fire department.    The abrogation of such a distinction and the failure to observe it in judicial proceedings would, as it seems to us, be contrary to sound public policy, and tend to the serious embarrassment, if it did not bring about the utter insolvency, of municipal corporations, and such is the view which appears to have influenced the courts in making and enforcing it, as appears from the numerous decisions made, many of which have been brought to our notice in the argument. As we are of the opinion that there could have been no other judgment, under the law, than that rendered on the demurrer of the defendant, we must order the judgment affirmed.