### 8115.   THOMPSON v. MAYOR & ALDERMEN OF CALHOUN.

No cause of action against the municipality appears from the petition, by which a recovery was sought for damage from fire, alleged to have been caused by negligence of its ministerial agents in cutting off the water supply from waterworks maintained and operated by it.

DECIDED JUNE 18, 1917.

Action for damages; from Gordon superior court—Judge Fite. September 1, 1916.

*Starr & Paschall,* for plaintiff, cited:  *City Council of Augusta* v. *Owens,* 111 *Ga.* 465 (7) ; *Adepe* v. *Thomasville,* 9 *Ga. App.*

881; Eshberg-Gunst Cigar Co. *v.* Portland, 55 Pac. 963; Watson *v.* Needham, 161 Mass. 404 (2); 5 Am. Neg. Rep. 292; *City of Atlanta* v. *Huey,* 8 *Ga. App.* 599 (1); Political Code (1910), § 897; *Collins* v. *Macon, 69 Ga.* 542 (1); *Mayor &c. of Savannah* v. *Jordan, 142 Ga.* 411; *City Council of Augusta* v. *Hudson, 94 Ga.* 135 (5); Coy *v.* Indianapolis Gas Co., 146 Ind. 655; Stock *v.* Boston, 149 Mass. 410; Metallic Compression Casting Co. *v.* Fitchburg R. Co., 109 Mass. 277.

*J. G. B. Erwin Jr.,* for defendant, cited: *Mayor &c. of Dalton* v. *Wilson,* 118 *Ga.* 100; *Tarbutton* v. *Tennille, 110 Ga.* 90; *City Council of Augusta* v. *Owens,* supra; *Wright* v. *Augusta, 78 Ga.* 241; 29 Cyc. 419, 489, 492-3; *Andrews* v. *Kinsel, 114 Ga.* 390; *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152, and citations; 1 Thomp. Neg. (2d ed.) 4950; 5 Id. 5830; Whart. Neg. (2d ed.) § 134; *Shaw* v. *Macon, 6 Ga. App.* 306; *Gaskins* v. *Atlanta, 73 Ga.* 746.

LUKE, J. Mrs. Thompson brought an action against the Mayor and Aldermen of Calhoun, Ga., alleging that the defendant had injured and damaged her in the sum of $1,800, as follows: "On March 20, 1914 [?], your petitioner was the owner of a certain two-story, eight-roomed frame building located on College street in the town of Calhoun, being in the northern portion of said town, the same being the residence of your petitioner, and in which she was residing on said date, and also of certain household goods, kitchen furniture, and other articles, a copy of which is attached to this petition and is marked Exhibit A; that on the 20th day of March, 1915, the house described in paragraph 2 of this petition, as well as the household and other articles referred to and particularly described in Exhibit A, hereto attached, were destroyed by fire; that the town of Calhoun, a municipal corporation, acting within the scope of its authority, and acting within its private or corporate capacity on said date of March 20, 1915, was engaged in maintaining and operating for hire and for private gain a system of waterworks in said town. On said date said town of Calhoun, acting through its ministerial servants or agents, undertook to make certain repairs in said system of waterworks, to wit, the removal of a certain fire-plug located in about the middle of the street in front of the Gordon county court-house, in said town. Petitioner shows that it was the duty of said town of Calhoun to carefully and skillfully perform said work of repairs described in

paragraph 6 of this petition, but that, disregarding its said duty to your petitioner, said town through its ministerial agents, K. W. Montgomery, J. H. Wilkerson, and Chuck Wiley, did in a negligent, careless, and unskillful manner make said repairs in maintaining said system of waterworks, as follows: The improvement or repairs being made, as heretofore stated, was the removing of a certain fire-plug. The defendant in this cause was careless and negligent, and used unskillful means, in that it cut off the water at a certain cut-off on Piedmont street, across the said street from the south of Hall's Ten Cent Store, in said town (said cut-off will hereafter be referred to as Piedmont cut-off No. 2). The effect of cutting off the water at this point was to deaden all the water mains in said town, or to stop the flow of water from all the mains in said town, and shut off the water supply of the entire town, which was entirely unnecessary in order to perform the work of repairs, both of which facts were well known to defendant. Petitioner shows that there were three other cut-offs which defendants, in the exercise of ordinary care and diligence, should have used in cutting off the water, to wit: One cut-off in the middle of Wall street at a point about midway between the stores of M. Moss and J. M. Byrd (hereafter referred to as the Wall street cut-off); another cut-off in the middle of Court street between the Calhoun National Bank and W. S. Pritchett's store (hereafter referred to as the Court street cut-off); and another cut-off on Piedmont street at the corner of Hall's Ten Cent Store (hereafter referred to as Piedmont street cut-off No. 1).

"Petitioner further shows that, if defendant, its officers, agents, and employees had used the three cut-offs just described, the water would have been left turned on in all the water mains in Calhoun, and in the main from which your petitioner was obtaining her supply of water on March 20, 1915, said water main being located within 50 feet of petitioner's residence, and at the same time the water would have been completely and effectively cut off from the fire-plug where defendant was at work and so as to in no way interfere with said work of repairs. Petitioner shows further that failure on the part of defendant to use the three last described cut-offs was negligence and carelessness on their part, and a failure to use ordinary care and diligence. Petitioner shows that to effectively perform said work of repairs in removing said fire-plug

it was entirely unnecessary to cut off the water at the Piedmont street cut-off No. 2 above mentioned, and further shows to the court that at the time the defendant, its agents, and employees, knew that it was negligent to do so, and that it was unnecessary to cut off the water as aforesaid and at the point aforesaid. Petitioner further shows that defendant and its agents were aware of the fact that by cutting off the water at the Piedmont No. 2 cut-off the water mains would be deadened all over said town, and in the main from which your petitioner was receiving her supply of water on said date, and that this was unnecessary in order to perform said work of repairs, and that it was hazardous to your petitioner to leave the water off from her residence as aforesaid. Petitioner also shows that defendant, its agents and employees, in the exercise of ordinary diligence, could and should have foreseen that to leave the water unnecessarily cut off as aforesaid would expose your petitioner's residence and other property above referred to to damage by fire, should one break out. Petitioner shows also that defendant and its officers and employees were aware of the existence and location of the three cut-offs in said town which, in the exercise of ordinary care and diligence, should have been used by said defendant, to wit, the Wall street cut-off, the Court street cut-off and the Piedmont street cut-off No. 1, by the use of which the water would have been completely and effectively cut off from the fire-plug where defendant was at work, without in any way interfering with said work of repairs while the water would have been left turned on in all parts of Calhoun, and in the water main from which petitioner was receiving her supply of water on said date, and that these facts were well known to defendant, its agents, and employees, and that, had ordinary care and skill been exercised by defendant, its agents and employees, they would have used the three cut-offs, and their failure to use the said three cut-offs was an act of negligence on the part of defendant and its agents, and that therein and thereby they failed to use ordinary skillful means in said work of repairs. Petitioner further shows to the court that the said acts of negligence herein alleged were the direct and proximate cause of the damages claimed by petitioner. Your petitioner shows that on said date of March 20, 1915, without any fault or negligence on the part of petitioner, your petitioner's residence caught on fire; that immediately the fire alarm was sounded, and

immediately responded to by a number of persons; that there was located very near to your petitioner's residence, to wit, at a distance not greater than 60 yards a fire station, where was kept ample hose and apparatus for putting out fires, and that within a space of not more than 1½ minutes, and before said fire had gained any headway, there had been a large hose connected to a fire-plug not more than 30 yards from your petitioner's residence, and said fire-plug opened up, when it was discovered that through said negligent acts of the defendant, its officers and agents, in the performance of ministerial acts of defendant, by reason of the negligence aforesaid, there was no water in the said main. Petitioner shows that there was running within 50 feet of petitioner's residence a water main carrying a large flow of water, and connected with the reservoir, from which the said town is amply supplied with water, and backed by strong pressure and sufficient flow to have enabled your petitioner to have quickly and easily extinguished said fire; that but for the negligent acts and conduct of defendant in cutting off the water as aforesaid the said main would have been full of water, and thereby your petitioner could and would have prevented said burning and the destruction of her property set forth in this petition. Petitioner shows that 30 days before the filing of this suit your petitioner presented in writing to the governing body of said town of Calhoun her claim for damages for the amount herein sued for, stating in said demand the time, place, and extent of the injury done to your petitioner, as well as the negligence causing the same, which claim the town refused to pay. Petitioner shows that by the unskillful and negligent acts of the ministerial agents of the defendant in this cause, and while they were engaged in the performance of acts and duties purely and solely ministerial in their nature, and not governmental, your petitioner was injured and damaged in the sum of $1,800, for which sum your petitioner prays judgment against the defendant."

The defendant demurred generally and specially to the petition. The court sustained the demurrer and dismissed the petition and the plaintiff excepted.

The petition did not set forth such a cause of action as would authorize a recovery. "A municipal corporation is not liable to an

action for damages resulting from the negligence or inefficiency of its fire department, or the insufficiency of the supply of water, although it may levy an annual water tax, and may have in its employment officers whose duty it is to keep the fire-plugs in good order and the mains filled with water, and although there may have been similar negligence by the firemen on previous occasions." *Wright* v. *City Council of Augusta,* 78 *Ga.* 241 (6 Am. St. R. 256). "A waterworks company operating under a franchise which gives to it the right to use the streets etc. of a city for the purpose of laying its mains etc., and carrying on its business, and which enters into a contract with the municipality to supply it, in its corporate capacity, with a sufficient supply of water from the city hydrants to extinguish fires, and to furnish private consumers, at fixed tolls, with water for domestic and manufacturing purposes, is under no public duty to a resident of the city to furnish the municipality with water to protect his property from loss by fire, and consequently can not be held liable to him, in an action of tort, for a fire loss sustained by him by reason of its failure to supply the city with water with which to extinguish the fire which consumed his property." *Holloway* v. *Macon Gas Light &c. Co.,* 132 *Ga.* 387 (64 S. E. 330). It is interesting to note the allegations of the petition in *Wright* v. *City of Augusta,* supra. "Wright brought suit against the City Council of Augusta, averring in his declaration that he was a citizen of Augusta and owner of two adjacent houses therein; that, without fault on his part, one of them caught fire; that the fire department promptly appeared, but were unable to open the fire-plug for that locality with their usual appliances; that it was found necessary to send off after a monkey-wrench wherewith to open it, thus consuming much valuable time; that on the plug being finally opened, it was discovered there was no water in the main; that a special messenger was then dispatched to the city waterworks, and, a supply of water having been at last pressed into the main, the firemen at once extinguished the conflagration, but not until one of the plaintiff's houses had been wholly destroyed and the other much injured, to his damage $1,-200; that defendant is liable therefor; that it annually levies a large water tax, and engages to have constantly available an abundant supply of water for all purposes; that it has in its employ certain officers whose duty it is, under the city ordinances, to

keep the fire-plugs in good order and the mains filled with water at proper pressure; that on this occasion, said officers failed and neglected to perform said duties, whereby plaintiff was endamaged as aforesaid," etc.

The petition in the present case does not show that the alleged negligence of defendant was the proximate cause of the injury sustained; in fact the petition shows that there was an intervening agency other than the alleged acts of negligence. The allegations do not show that the damages claimed were the natural and probable consequences of the negligence charged against the defendant. *Shaw* v. *Mayor of Macon,* 6 *Ga. App.* 306 (64 S. E. 1112), and cases there cited.

The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Wade, C. J., and George, J., concur.*