39449. BAGWELL v. CITY OF GAINESVILLE.

BELL, Judge. Plaintiff brought this action against the City of Gainesville alleging that on the designated date he was an owner of a certain hatchery and other equipment located just beyond the corporate limits of the city; that operation of the hatchery required the use of equipment using water; that defendant suddenly and without warning cut off all water coming to the premises of the plaintiff; about three hours later plaintiff's premises caught fire, and he immediately called the defendant requesting that the water be turned on so the fire could be extinguished which defendant failed and refused to do, causing the total destruction of plaintiff's hatchery and equipment. Other allegations charged that the defendant failed and refused to permit any of its available fire equipment to extinguish the fire; and that the defendant had promised and agreed to furnish all necessary water for the use of his hatchery and to extinguish any fire which might originate therein. The exception is to the sustaining of a general demurrer to the petition. *Held:*

1. It is clear that a municipality in operating a fire department is performing a governmental function, and it is elementary that there is no liability for damages to private individuals resulting from the improper performance or non-performance of a governmental function. *Wright v. City Council of Augusta*, 78 Ga. 241 (6 ASR 256); *Banks v. City of Albany*,

83 Ga. App. 640 (64 SE2d 93); *Clay v. City of Rome,* 74 Ga. App. 754 (41 SE2d 337); *Davis v. City of Rome,* 23 Ga. App. 188 (3) (98 SE 231); *Edmondson v. Town of Morven,* 41 Ga. App. 209 (6) (152 SE 280); *Code* §§ 69-301 and 69-307.

It necessarily follows that so much of the petition as sought to impose liability upon the city for refusal to dispatch its fire-fighting equipment to extinguish the fire did not delineate any actionable liability.

2. Paragraph 11 of the petition alleges: "Plaintiff shows that he was not in arrears with any payment of any charges for water and that said defendant had promised and agreed to furnish him all necessary water for the use of his hatchery and to extinguish any fire that might originate therein." This paragraph is susceptible to two constructions. One is that the defendant agreed to furnish the plaintiff all necessary water for the use of his hatchery and agreed to extinguish any fire that might originate therein. The other construction is that the defendant promised to furnish necessary water for the hatchery and to furnish necessary water to extinguish any fire that might originate therein. Under either construction the agreement on the part of the city to extinguish fires or to furnish water for that purpose was in the exercise of a governmental function, in connection with which the city is not liable for damages. *Wright v. City Council of Augusta,* 78 Ga. 241, supra; *Holloway v. Macon Gas Light &c. Co.,* 132 Ga. 387, 397 (64 SE 330); Black v. Columbia, 19 S.C. 412 (45 AR 785); *Thompson v. Mayor &c. of Calhoun,* 20 Ga. App. 297 (93 SE 72); and 163 ALR 348.

In the absence of an allegation that the plaintiff could have extinguished the fire if the city had furnished water necessary for the ordinary needs of the hatchery as the city was obligated to do by a contract between the parties, the petition does not state a case of action.

The trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

DECIDED JULY 2, 1962—REHEARING DENIED JULY 18, 1962.

*Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiff in error. *Kenyon, Kenyon & Gunter, William B. Gunter,* contra.