**Billy and Barbara ROSS, Appellants,**

**v.**

**The CITY OF HOUSTON, Appellee.**

**No. 01–89–01024–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 5, 1990.

Rehearing Denied April 11, 1991.

Clinard J. Hanby, Houston, for appellants.

Richard L. Anderson, Houston, for appellee.

Before WARREN, DUGGAN and HUGHES, JJ.

OPINION

HUGHES, Justice.

This is an appeal from a summary judgment granted in favor of the City of Houston. We affirm.

On April 28, 1988, Ms. Ross found smoke coming from the attic area of her home and notified the fire department. When the fire department arrived, it was delayed in fighting the fire because the connection on the nearest fire hydrant was too large for the standard four-inch fire hoses. The Rosses allege that the fire was confined to the attic when the fire department arrived, and the delay in fighting the fire caused more damage than would otherwise have occurred. The Rosses allege that they suffered extreme mental anguish as they helplessly watched their home and belongings burn, and have suffered from mental anguish since the fire.

The trial court found that the City was immune from suit by virtue of the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. § 101.001–101.109 (Vernon 1986 & Supp.1990), and granted the City's motion for summary judgment. The court also found that the City had not waived its governmental immunity, the City was performing a governmental function, and the plaintiffs' claim for property damage and personal injuries did not arise from the operation or use of a motor-driven vehicle or equipment.

Appellants bring one point of error on appeal, challenging the trial court's decision to grant the summary judgment. A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982). Once the movant has established a right to a summary judgment, the burden shifts to

the non-movant. The non-movant then must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979).

■ The Texas Tort Claims Act provides that governmental immunity is waived in two general situations: (1) where an injury is caused by the negligence of an employee, involving a motor-driven vehicle or equipment; and (2) where an injury is caused by a condition or use of tangible or real property. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1986). The Act further states that it does not apply to a claim arising from the failure to provide or the method of providing fire protection. TEX. CIV.PRAC. & REM.CODE ANN. § 101.055(3) (Vernon Supp.1990).

Appellants argue that the exclusion from liability relating to fire protection does not apply to this case, citing *State v. Terrell,* 588 S.W.2d 784 (Tex.1979). In *Terrell,* a police officer struck a civilian's car with his patrol car while pursuing a speeding car. *Id.* at 785. The court stated that the Legislature did not intend to create an exclusion so broad that it excluded liability for any act occurring while an officer provided police protection.[1] *Id.* at 787. Holding that the State could be liable for injuries arising from an officer's negligent actions, the court concluded:

> [I]f the negligence causing an injury lies in the formulating of policy—i.e., the determining of the method of police protection to provide—the government remains immune from liability. If, however, an officer or employee acts negligently in carrying out that policy, government liability may exist under the Act.

Appellants argue that the negligence of the City involved the implementation of policy because they are complaining of the City's failure to find and correct (despite repeated inspections) the improper connection on the fire hydrant. Appellants emphasize that they are not complaining about the City's method of fighting the fire.

We find as a matter of law that the City's policy of inspecting fire hydrants is directly connected to the City's method of providing fire protection. *Cf. Terrell,* 588 S.W.2d at 788 (court stated that the policy decision to detect and apprehend individuals who exceed the speed limit did not include directing the officer to strike any vehicle in his path in apprehending the speeder).

The appellants further argue that the inspection of the fire hydrants was a proprietary function, rather than a governmental function, relying on section (b) of TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon Supp.1990). In the alternative, appellants contend that the City is liable under the doctrine of merger, because the City's actions included both governmental and proprietary aspects. *See City of Houston v. Bush,* 566 S.W.2d 33, 35 (Tex. Civ.App.—Beaumont 1978, writ ref'd n.r. e.).

We disagree. The statute specifically states that fire protection is a governmental function. TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215(a) (Vernon Supp.1990). Moreover, the Torts Claim Act expressly provides that it does not apply to a claim based on "the failure of a governmental unit to perform an act that the unit is not required by law to perform." TEX.CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1986). Appellants failed to cite any law requiring the fire department to make the allegedly negligent inspections.

■ Historically, a city has not been liable for the negligence of its officers and employees in the performance of a govern-

---

1. The then-existing statute provided a similar exclusion from liability for claims arising from the method of providing police protection. *See* Texas Tort Claims Act, ch. 292, § 14(9), 1969 Tex.Gen. & Spec.Laws 874, 878, *repealed by* Texas Tort Claims Act, ch. 959, § 1, 1985 Tex.Gen. & Spec.Laws 3301, 3304, currently codified at TEX.CIV.PRAC. & REM.CODE ANN. § 101.055(3) (Vernon Supp.1990). The court determined that the sole purpose of the exclusion was to avoid judicial review of the policy decisions that governments must make in deciding how much, if any, police or fire protection to provide for a community. *See Terrell,* 588 S.W.2d at 786.

mental function, one of which is providing fire protection. *Steele v. Barbian*, 620 S.W.2d 875, 878 (Tex.Civ.App.—Amarillo 1981, no writ). Particularly, a city is not liable for property burned where the city failed to supply water. *House v. Houston Waterworks Co.*, 88 Tex. 233, 31 S.W. 179, 185 (1895).

We find that it is unnecessary to address the question of whether appellants stated a cause of action under TEX.CIV.PRAC. & REM. CODE ANN. § 101.021 (Vernon 1986), because TEX.CIV.PRAC. & REM.CODE ANN. § 101.055(3) (Vernon Supp.1990) provides immunity for the City in this suit.

Appellants' point of error is overruled, and the summary judgment is affirmed.