## A09A0025. TRAVELERS EXCESS AND SURPLUS LINES COMPANY et al. v. CITY OF ATLANTA et al.

(677 SE2d 388)

BERNES, Judge.

Travelers Excess and Surplus Lines Company and Travelers Indemnity Company of America (collectively, the "Travelers Companies") brought this negligence and inverse condemnation action against the City of Atlanta to recover damages for commercial property destroyed in a fire. According to the Travelers Companies, efforts to control the fire were delayed when the City's fire department attached its water hose to an inoperable fire hydrant, causing the fire to spread uncontrollably and leading to increased property damage. The Travelers Companies alleged that the City was liable for the failure of its water department to notify the fire department that the hydrant was inoperable or to tag the hydrant as out of service. The trial court granted summary judgment to the City on the ground of sovereign immunity and dismissed the complaint. For the following reasons, we affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. We review de novo a trial court's grant of summary judgment. A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed.

(Citations and punctuation omitted.) *Duke Galish, LLC v. Manton,*

291 Ga. App. 827, 827-828 (662 SE2d 880) (2008).

So viewed, the record shows that Travelers Excess provided insurance coverage to the owner of a commercial building located in the City of Atlanta. In turn, Travelers Indemnity provided insurance coverage to one of the tenants operating a business there. On August 1, 2003, a fire started in the back portion of the building. Firefighters with the City of Atlanta Fire Department attempted to combat the fire by attaching a water hose to a nearby fire hydrant. The hydrant, however, did not work due to a defective operating stem, and the firefighters had to search for an alternative hydrant located further away from the fire. Allegedly, as a result of the delay in locating and attaching to a functional water source, the fire spread uncontrollably throughout the building, causing increased property damage.

The Travelers Companies paid out claims to their respective insureds for property damage caused by the fire. Exercising their contractual subrogation rights, the Travelers Companies thereafter commenced this damages action against the City. They alleged that the City was negligent because employees in its Bureau of Drinking Water had known that the fire hydrant was inoperable, but had failed to notify the City's fire department that the hydrant was not working or to tag the hydrant as out of service. The Travelers Companies further alleged that these same actions of the City resulted in an inverse condemnation of the commercial property. According to the Travelers Companies, the City was responsible for the increased damage to the commercial property resulting from the delay caused by the fire department initially connecting its water hose to the inoperable hydrant.

The City moved for summary judgment, contending that the claims were barred by sovereign immunity. After hearing oral argument, the trial court granted the City's motion as to both counts of the complaint. This appeal followed.

The trial court correctly held that the City was shielded from liability. For over a century, it has been the law in Georgia that a municipal corporation is immune from liability for property damage caused by a fire

> in consequence of [the municipality's] failure to provide suitable engines and apparatus, or on account of defective cisterns, or an insufficient supply of water to extinguish the flames, or the inefficiency, carelessness and neglect of its firemen or the officers in charge of them, and whose duty it is to direct their operations.

*Wright v. City Council of Augusta*, 78 Ga. 241, 242 (1886). See *Fowler v. Athens City Water-Works Co.*, 83 Ga. 219 (9 SE 673) (1889);

*Sinkfield v. Pike*, 201 Ga. App. 652, 653 (3) (411 SE2d 889) (1991); *Bagwell v. City of Gainesville*, 106 Ga. App. 367 (1) (126 SE2d 906) (1962); *Thompson v. Mayor &c. of Calhoun*, 20 Ga. App. 296, 300-301 (93 SE 72) (1917).[1] Any other rule would be contrary to sound public policy because it would potentially open the floodgates of litigation and would risk the "utter insolvency" of municipalities. *Wright*, 78 Ga. at 244.[2]

Contending that their claim is not one for negligent fire protection, the Travelers Companies emphasize that it was the City's water department rather than the City's fire department that allegedly acted in a negligent manner, and that their negligence claim is predicated on the water department's failure to inform the fire department that the fire hydrant was inoperable or to tag it as out of service. We discern no reason, however, for distinguishing the present case from those Georgia cases cited above. No matter how artfully pleaded, the essence of the Travelers Companies' complaint is that the City failed to promptly provide adequate fire protection in response to the fire, leading to increased property damage. Furthermore, fire hydrants "are a part of the physical structure of the fire department," are "installed for the purpose of fire protection," and are a necessary component of the fire protection services offered to citizens by a municipality. *Shockey*, 632 P2d at 408. As such, it is of no legal consequence that the negligence respecting the hydrant was committed by the water department rather than the fire department itself. See *McCrary v. City of Rome*, 29 Ga. App. 384, 386 (115 SE 283)

---

[1] Other jurisdictions have similarly held that governmental entities are immune from damages suits for the destruction of property caused by the failure to provide adequate fire protection, including the failure to provide an adequate water supply to combat the fire. See *Pierce v. Village of Divernon*, 17 F3d 1074, 1077-1078 (II) (A) (7th Cir. 1994); *Lainer Investments v. Dept. of Water & Power*, 170 Cal. App. 3d 1, 6-9 (I) (1985); *Gans Tire Sales Co. v. City of Chelsea*, 450 NE2d 668, 669 (Mass. App. Ct. 1983); *City of Columbus v. McIlwain*, 38 S2d 921, 923 (Miss. 1949); *Shockey v. City of Oklahoma City*, 632 P2d 406, 408 (Okla. 1981); *Wells v. City of Lynchburg*, 501 SE2d 746, 749-751 (I) (S.C. Ct. App. 1998); *Ross v. City of Houston*, 807 SW2d 336, 337-338 (Tex. Ct. App. 1990). See also 57 AmJur2d Municipal, County, School, and State Tort Liability § 451 ("Governmental units may be liable for any breach of a duty owed to a private individual except for such claims as inadequate fire protection . . ."); id. at § 466 ("The general rule is that, absent a statutory provision to the contrary, a municipality is not liable for the destruction of or damage to property within its limits by a fire, which it did not set, because of its failure to provide or maintain an adequate supply of water or sufficient water pressure to extinguish the fire.").

[2] Other jurisdictions have expressed similar policy concerns. See *Miralago Corp. v. Village of Kenilworth*, 7 NE2d 602, 607 (Ill. App. Ct. 1937) ("A little reflection will show that a multitude of actions would be encouraged, by fire insurance companies, as by individuals, and that cases have arisen, and may still arise, where an extensive conflagration might bankrupt the municipality, if it could be rendered liable for the damages or losses sustained.") (citation and punctuation omitted); *McIlwain*, 38 S2d at 923 ("If such liability existed, history records many disastrous fires which would have resulted in complete bankruptcy of the municipality.").

(1923) (whether municipality is immune from suit depends on the nature of the duty performed, "not [on] the character or name of the agent who executes the duty"). Accordingly, the City was entitled to immunity in this case.

The Travelers Companies also point out that they have asserted an inverse condemnation claim in addition to their negligence claim. Regardless of how characterized, however, the Travelers Companies' claims all seek to recover for fire damage to property resulting from alleged inadequate fire protection provided by the City. Hence, there is no logical reason, based on public policy or otherwise, for treating any of the claims differently in this case. Cf. *Mayor &c. of Savannah v. Savannah Cigarette & Amusement Svcs.*, 267 Ga. 173, 174 (476 SE2d 581) (1996) (suit challenging rezoning was procedurally barred irrespective of whether the plaintiff's claim was "couched in terms of eminent domain"); *Tollison v. Ga. Power Co.*, 53 Ga. App. 795 (187 SE 181) (1936) (defendant was immune from claim of failure to provide adequate street lights, regardless of whether the claim was characterized as one for negligence or public nuisance). Compare *Bishop & Parsons v. Mayor &c. of Macon*, 7 Ga. 200 (1849) (involving the intentional destruction of property by city authorities during a fire).

Finally, the Travelers Companies contend that their damages claims against the City should be allowed to proceed as a sanction for alleged spoliation committed by the City. Their contention is waived, however, because it was never raised before or ruled upon by the trial court. See *Realty Lenders v. Levine*, 286 Ga. App. 326, 330 (2) (649 SE2d 333) (2007); *Davis v. Whitford Properties*, 282 Ga. App. 143, 145 (1) (637 SE2d 849) (2006).

For these combined reasons, the City was immune from liability for damage to the commercial property occasioned by its alleged failure to provide prompt and adequate fire protection as a result of the inoperable fire hydrant. The trial court properly granted summary judgment to the City on the Travelers Companies' negligence and inverse condemnation claims.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 6, 2009.

*Terry L. Strawser*, for appellants.
*Tressa P. Marryshow, Laura Sauriol-Gibris, Elizabeth B. Chandler*, for appellees.