Fowler *v.* The Athens City Water-Works Co.

83 219|
117 195|
| 83 219|
e126 846!

Against a water company which is under a contract obligation with the municipal government (but no legal duty otherwise) to furnish a supply of water for use by the municipality in extinguishing fires, a citizen and tax-payer whose property has been consumed by reason of a breach of such contract obligation, has no right of action, there being no privity of contract between the citizen and

the water company, and mere breach (by omission only) of a contract entered into with the public not being a tort, direct or indirect, to the private property of an individual.

May 1, 1889.

Contracts. Torts. Municipal corporations. Actions. Privity. Before H. C. TUCK, Esq., judge *pro hac vice.* City court of Clarke county. December adjourned term, 1888.

Reported in the decision.

T. W. RUCKER and S. H. HARDEMAN, for plaintiff.

LUMPKIN & BURNETT, for defendant.

BLECKLEY, Chief Justice.

Fowler brought action against the Athens City Water-Works Company, making the following allegations in his petition : In August, 1882, the mayor and council of the city of Athens contracted with one Robinson ; in which contract Robinson undertook that he would furnish at all times, for a consideration mentioned in the contract, all the water necessary for fire purposes ; that he would establish fire hydrants, to the number of fifty-five, and would guarantee at all times a sufficient pressure to throw from any of these hydrants, through a one inch nozzle and fifty feet of two and a half inch hose, five streams of water to the height of sixty-five feet ; that Robinson, for a valuable consideration, in 1882, transferred this contract to the defendant ; that the defendant is paid by a tax levied on the property of the citizens of Athens ; that the petitioner, since 1882, has been a resident and a tax-payer of Athens, for many years owning a certain house and lot mentioned ; that the defendant ran its mains along the street by his house, and established near his house two fire hydrants ; that in July, 1887, some of the outhouses on the lot caught on fire without his fault ; the fire extended to the main dwelling, and all were con-

sumed ; that the alarm of fire was promptly responded to, and the fire companies were on hand at a time when it could have been easily controlled, but there was so little pressure that the water would not go ten feet beyond the nozzle, and was of no use in putting out the fire ; that if proper pressure had been put on, the fire could easily have been extinguished and the property saved.   Damages were laid at $1,500.   At the trial a contract corresponding with that described in the declaration was put in evidence.   By it the city agreed to pay to Robinson, his successor or assigns, for thirty years from the completion of the water-works, as a rental for the use of the hydrants and for the supply of water for the purposes mentioned in the agreement, the sum of $3,000 annually.   It was proved that the defendant had succeeded to the position of Robinson in the contract, and had received from the city rents accordingly, undertaking to carry out the terms of the contract.   The occurrence of the fire, the consumption of the plaintiff's buildings, his loss and the failure of the company to have a water supply on the occasion equal to that provided for by the contract, or any supply adequate to the exigencies of the fire, also appeared in evidence.   The court, on motion of the defendant, ordered a nonsuit.   This is the error complained of.

The question of liability was argued briefly but ably on both sides.   To the authorities cited by counsel our own research has added nothing of much value.

In Robinson v. Chamberlain, 34 N. Y. 389, the duties of the contractor did not rest on contract alone, but were prescribed by statute.   The court analogized his position to that of a public officer, in respect both to his duties and his powers.   Stress was also laid upon his undertaking to repair a public thoroughfare (the canal), and that this was a public function formerly devolving on public officers.   In Couch v. Steel, 3 E. &

B. 402, the duty neglected was also one imposed by statute. Such likewise was the duty in Atkinson *v.* Newcastle Co., L. R., 6 Ex. 404, which case was reversed on appeal, L. R., 2 Ex. Div. 441, the appellate court holding that under a proper construction of the particular statute involved, the action would not lie. The court, composed of Lord Cairns, L. C., Cockburn, C. J., and Brett, L. J., intimated doubts as to the correctness of the judgment in Couch *v.* Steel, *supra*. In Met. Com. Casting Co. *v.* Railroad Co., 109 Mass. 277, the act complained of was a plain tort of the indirect kind, and no contract relation whatever was involved. It was held in Willy *v.* Mulledy, 78 N. Y. 319, that the neglect of a duty imposed by statute would give a right of action to any person having a special interest in its performance, and injured by the breach. The present case is not based upon the breach of a statutory duty, but solely upon failure to comply with a contract made with the municipal government of Athens. To that contract the plaintiff was no party, and the action must fail for the want of the requisite privity between the parties before the court. A case directly in point is Davis *v.* Clinton Water-Works Co., 54 Iowa, 59. See also Nickerson *v.* Bridgeport H. Co., 46 Conn. 24.

There being no ground for recovery, treating the action as one *ex contractu*, is it better founded treating it as one *ex delicto?* We think not. The violation of a contract entered into with the public, the breach being by mere omission or non-feasance, is no tort, direct or indirect, to the private property of an individual, though he be a member of the community and a tax-payer to the government. Unless made so by statute, a city is not liable for failing to protect the inhabitants against the destruction of property by fire. *Wright* v. *Augusta*, 78 *Ga.* 241; Am. and Eng. Ency. of Law, vol. 7, p. 997, *et seq.* We are unable to see how a contractor with the

city to supply water to extinguish fires commits any tort by failure to comply with his undertaking, unless to the contract relation there is superadded a legal command by statute or express law.

There was no error in granting the nonsuit.

*Judgment affirmed.*