21251.   GNANN *v.* COASTAL PUBLIC SERVICE COMPANY.

DECIDED OCTOBER 17, 1931.

218

*Russell & Herzog, F. H. Shearouse, Paul D. Shearouse,* for plaintiff.

*Edwin A. Cohen, Hugh R. Tarver Jr.,* for defendant.

BELL, J. The petition of E. S. Gnann against Coastal Public Service Company. was dismissed on general demurrer, and the plaintiff excepted. The complaint was that the defendant was a waterworks company supplying water to the citizens of the City of Springfield, Georgia; that the plaintiff owned a house of the value of $1,000, situated in that municipality, which was destroyed by fire on account of the negligence of the defendant in failing to furnish an adequate supply of water to extinguish such fire, and that, because of the negligence of the defendant in this regard, it became liable to the plaintiff in the value of the house so burned and destroyed. It was further alleged: The defendant was "under contract and duty to furnish a continuous supply of water to its patrons and the City of Springfield," and the plaintiff was "a patron and subscriber to the services of said defendant company for a valuable consideration." In an amendment it was averred that the defendant, in its charter, was "granted the right to contract, in pursuance of which power . . it contracted with the City of Springfield to furnish electric power for lights and other electrical appliances and to furnish said Springfield with a water supply; that it entered into said duties, attempted to supply the inhabitants of Springfield with water, collected toll from said inhabitants therefor, and that under the law said defendant company is under a duty to use care in the exercise of its business of furnishing water; that it is under a duty to furnish a reasonable supply of water to its patrons and that inasmuch as it enjoys valuable privileges of using the town's streets, and the right to deal with the citizens of the town in furnishing lights and water,—a public service—and inasmuch as it enjoys a monopoly of the water business in said town, it has valuable rights, and that in return for these rights it owes the citizens a duty, among which duty is that of furnishing a continuous and reasonable water supply." The suit was expressly declared to be "an action in tort, and not one on the contract." The allegations further showed that the plaintiff exercised all diligence to save the property from burning, but was unable to do so with the means at hand.

Upon a proper construction of the allegations of the peti-

tion, it appears that the contract referred to was one existing solely between the defendant and the City of Springfield and that the plaintiff was in no wise a party thereto unless by some relation as a patron using the water, or as a citizen and taxpayer of the municipality. *Krueger* v. *McDougald,* 148 *Ga.* 429 (96 S. E. 867). Such being the substance and meaning of the petition, the case is controlled by the decision in *Holloway* v. *Macon Gas Light & Water Co.,* supra, in which the Supreme Court held as follows: "A waterworks company operating under a franchise which gives to it the right to use the streets, etc., of a city for the purpose of laying its mains, etc., and carrying on its business, and which enters into a contract with the municipality to supply it, in its corporate capacity, with a sufficient supply of water from the city hydrants to extinguish fires, and to furnish private consumers, at fixed tolls, with water for domestic and manufacturing purposes, is under no public duty to a resident of the city to furnish the municipality with water to protect his property from loss by fire, and consequently can not be held liable to him, in an action of tort, for a fire loss sustained by him by reason of its failure to supply the city with water with which to extinguish the fire which consumed his property." The case of *Freeman* v. *Macon Gas Light & Water Co.,* 126 *Ga.* 843 (56 S. E. 61, 7 L. R. A. (N. S.) 917), the principal case cited for the plaintiff in error, is referred to and distinguished in the *Holloway* case. See also *Thompson* v. *Calhoun,* 20 *Ga. App.* 296 (93 S. E. 72).

The petition failed to set forth a cause of action and the general demurrer was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*