MRS. E. P. TIPTON, PLAINTIFF IN ERROR, *v.* SPARTA WATER
COMPANY, DEFENDANT IN ERROR.

*(Nashville,* December Term, 1932.)

Opinion filed March 18, 1933.

648

H. B. Frater and D. R. Barry, for plaintiff in error.

Camp & Camp and Roberts & Roberts, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

. From the judgment dismissing this suit on demurrer, the plaintiff has appealed.

The declaration averred that plaintiff was the owner of valuable business property in the town of Sparta. That a fire broke out in the adjoining building. That the fire department was on hand promptly with their fire

fighting equipment. That, at the time of the arrival of the fire department, the fire in the adjoining building had made little headway and could have been easily extinguished before reaching plaintiff's property but for a failure of the water supply. It is set out that the defendant is under contract with the town of Sparta to furnish water for the use of the town and its inhabitants and to maintain an adequate pressure in its pipes but that the defendant failed to maintain such pressure on this occasion and that sufficient streams of water were not available to the fire department to be of any service.

In the first count of its declaration it is charged that the defendant failed to maintain the pressure pumps or engines as provided in a section of its contract with the town, or failed to maintain water in its standpipe as provided in another section of said contract. In the second count of its declaration it is alleged that the defendant failed to turn the water from its standpipe into the water pipes on the night of the fire.

It is charged that contract between the defendant and the town of Sparta was made for the benefit of all the inhabitants of that town and that the plaintiff is accordingly entitled to bring this suit for the breach of contract or the breach of duty, committed by the defendant in the premises.

In this court it is contended that the plaintiff is entitled to maintain this suit as for breach of contract, or, that in any event, plaintiff is entitled to maintain this suit as in tort for defendant's breach of duty.

We think the action taken by the trial judge was required upon the authority of *Foster* v. *Water Company*, 71 Tenn. (3 Lea.), 42. In that case plaintiff sued the city of Chattanooga and the water company, furnishing water to the inhabitants of that city under con-

tract, for the loss of his house by fire. He averred a contract between the city and the water company similar to the contract before us here and that the water company had permitted its pipes to get out of repair and full of mud and gravel so that no adequate supply of water was available to the fire department and that his premises were destroyed by reason of this negligence.

In this case it was distinctly held by this court that such an action could not be maintained against the water company under such circumstances either upon contract or in tort. Among other things the court said:

"One of the learned counsel of the plaintiff rests his client's right of recovery upon 'a tortious breach of contract,' meaning the contract with the city. The other upon the unskillful and negligent performance of a duty imposed or authorized by its charter. If it be conceded that the declaration does show a stipulation in the contract between the company and the city by which the company was to furnish water to extinguish fires, and a breach of that contract by negligently allowing its pipes to become obstructed, there is no averment that this stipulation of the contract was to enure to the benefit of any citizen aggrieved, or that the contract had been assigned to the plaintiff. The third cause of demurrer, that the declaration does not show that the plaintiff is a party, privy or assignee of the contract, is, therefore, so far as this aspect of the case is concerned, well taken. . . .

"If we place the right of recovery upon the negligent performance of a duty, the difficulty will be to connect any duty arising out of the stipulations of the contract between the city and company with the plaintiff, or the particular loss sued for. The stipulation is to fur-

nish water. The company has not stipulated to extinguish fires. It is not averred that the plaintiff had the means of using the water for the extinguishment of the fire. Hence, to use substantially the words of an eminent Court, whatever benefit the plaintiff would have derived from the water would have come from the city through its fire department. The most that can be said is, that the company was under obligation to the city to supply the fire plugs with water; that the city owed a public duty to the plaintiff to extinguish the fire; that the fire plugs were not supplied with water, and so the city was unable to perform its duty. We think it clear that there was no contract relation between the plaintiff and the company, and consequently no duty which can be the basis of a legal claim. Per PARK, C. J. of Supreme Court of Connecticut, in *Nickerson* v. *Bridgeport Hydraulic Co.*, 46 Conn., —; S. C. 8 Rep., 427.''

It is sought to distinguish the case before us from *Foster* v. *Water Company* by reason of the statement in the opinion therein that the declaration contained no averment that ''the contract was to enure to the benefit of any citizen aggrieved.'' It is pointed out that the declaration herein does contain such an averment. True the declaration so avers, but the contract between the water company and the town of Sparta is filed as an exhibit to the declaration and the contract does not show any such stipulation.

In *Foster* v. *Water Company*, the court observed that there are some branches of the law, ''the underlying principles of which are so unsteady, and the rights involved so complicated, that the courts must be content to deal with special cases as they arise.'' This language of the court was not used with reference to the rights of the water company in that suit and was not intended

to limit the authority of the decision insofar as the water company was concerned. The city of Chattanooga was also sued in that suit and the language last quoted was employed in discussing the liability of a municipal corporation in such a suit. That question, however, has now been definitely settled in Tennessee. In addition to the ruling in *Foster* v. *Water Company,* this court has expressly held in *Irvine* v. *Chattanooga,* 101 Tenn., 291, that the duty of a municipal corporation to extinguish fires is a public duty, not a corporate duty, and an action will not lie against it for negligence in the performance of this duty.

The earlier conclusion of this court as to the liability of the water company to a private citizen, under circumstances such as here appear, is in accord with the decided weight of authority in the United States, although there is a conflict of decisions.

In *Foster* v. *Water Company,* the court follows *Nickerson* v. *Bridgeport Hydraulic Co.,* 46 Conn., 24, 33 Am. Rep., 1, which is alluded to in the textbooks as the first American discussion of this matter. In line with the Connecticut court and denying any recovery as upon contract are the courts of Alabama, Arkansas, California, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Maine, Missouri, Nebraska, Nevada, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, South Carolina, Texas, West Virginia, and the Supreme Court of the United States. These decisions are all collected in a note in 38 A. L. R., 505, and the author of the note says that "the ground upon which nearly all the decisions which embody this doctrine are based is that an individual owner of property is a stranger to an agreement of this description. In this point of view it is obvious that the doctrine is equally applicable irrespective of whether 'the duty of

the company to furnish water arises solely from an accepted service for general fire purposes, or from a general contract on the part of the water company with the municipality to furnish water for such purposes, without a specification of any particular thing to be done to that end, and without any stipulation respecting liability for losses by fire.' ''

Many courts of the highest authority likewise hold, as this court did in *Foster* v. *Water Company*, that an individual inhabitant cannot sue a water company, under circumstances like those here appearing, in tort, as for a breach of duty to such inhabitant. *Longmeid* v. *Holliday*, 6 L. & Eq. Rep. (Eng.), 562; *Davidson* v. *Nichols*, 11 Allen (Mass.), 514; *Coughtry* v. *Gove Woolen Co.*, 56 N. Y., 127, 15 Am. Rep., 387; *Houck* v. *Cape Girardeau Waterworks & Electric Light Co.* (Mo. App.), 114 S. W., 1099; *Fowler* v. *Athens City Waterworks Co.*, 83 Ga., 219, 9 S. E., 673, 20 Am. St. Rep., 313, and other cases collected in a note, 38 A. L. R., 527; *German Alliance Ins. Co.* v. *Home Water Supply Co.*, 226 U. S., 220, 57 L. Ed., 195, 42 L. R. A. (N. S.), 1000.

On this point, in *Longmeid* v. *Holliday, supra,* the court said:

''Privity of contract is an essential element to an action founded on a breach of contract, and whether the action for damages resulting from the breach be in form on contract, or for a wrong, it can only be maintained by a party to the contract. . . . I do not see that the relation of the individual taxpayer to the company that agrees to supply water is any different from what it is towards the person who sells the fire engine or the hose to the fire district. The power of the district to contract in all cases is the same, and derived from the statute. But if, from the bursting of a defective hose or the

breaking down of a defective engine, the extinguishment of a fire was made impossible, the owner of the destroyed property would have no right of action against the vendor of those appliances.''

We are referred to decisions of the courts of Florida, Kentucky, and North Carolina that an action *ex contractu* can be maintained by the individual inhabitant against a water company under circumstances like those of this case. *Woodbury* v. *Tampa Waterworks Co.,* 57 Fla., 243, 49 So. 556, 21 L. R. A. (N. S.), 1034; *Paducah Lumber Co.* v. *Paducah Water Supply Co.,* 89 Ky., 340, 12 S. W., 544, 13 S. W., 249, 7 L. R. A., 77, 25 Am. St. Rep., 536; *Gorrell* v. *Greensboro Water Supply Co.,* 124 N. C., 328, 32 S. E., 720, 46 L. R. A., 513, 70 Am. St. Rep., 598.

██ It appears from a note, 38 A. L. R., 529, that decisions in these jurisdictions and perhaps others hold that an action *ex delicto* may be maintained by the individual inhabitant. As stated before, *Foster* v. *Water Company,* definitely rules both propositions presented by the plaintiff. That decision has stood for many years without any legislative action and contracts have doubtless been based upon the faith thereof. We cannot, therefore, approach the questions here presented as if they were open and we feel that the former decision should not be disturbed.

Affirmed.