WILSON *v.* GEORGIA POWER AND LIGHT COMPANY.

No. 15359.  JANUARY 8, 1946.

*Bennet, Peacock & Perry, H. G. Rawls,* and *E. P. Stapleton,* for plaintiff.

*A. B. Conger* and *R. L. Cox,* for defendant.

WYATT, Justice.  The Court of Appeals certified the following question: "Where a waterworks company is under a written contract between itself and a municipal government to furnish to the government sufficient water to extinguish fires in the city, does the fact that said government in another written instrument granted the franchise to the company to operate as a waterworks company,

in a valid ordinance which provided that the company 'shall be liable for and shall pay all damage that may result to persons or to public or private property by reason of the negligent or improper exercise of the privileges hereby granted, and shall hold the city free and harmless from any and all liability by reason of any such damage,' constitute an exception to the general rule that a resident of a city cannot recover of a waterworks company damages for a loss by fire occasioned by its failure to furnish a sufficient supply of water to extinguish the fire, on the theory that the above-quoted provision of the ordinance imposed upon the company a legal duty, owed to any resident of the city whose house was on fire, to furnish a sufficient amount of water to extinguish the fire?"

The general rule referred to in the question is well established by a long line of decisions, beginning with *Wright* v. *Augusta,* 78 *Ga.* 241 (6 Am. St. R. 256), where the city was the defendant, and *Fowler* v. *Athens City Waterworks Co.,* 83 *Ga.* 219 (9 S. E. 673, 20 Am. St. R. 313), where the waterworks company was the defendant. We are called upon to answer the question whether or not an ordinance, providing that the company "shall be liable for and shall pay all damage that may result to persons or to public or private property by reason of the negligent or improper exercise of the privileges hereby granted, and shall hold the city free and harmless from any and all liability by reason of any such damage," constitutes an exception to this well-established rule of law. We recognize the rule of law as laid down in *Heidt* v. *Southern Telephone Co.,* 122 *Ga.* 474 (50 S. E. 361), and followed in many other cases, to the effect that a municipal ordinance has the force of law within the corporate limits of the municipality. We also recognize the rule of law as laid down in *Central R. & Bkg. Co.* v. *Smith,* 78 *Ga.* 694 (3 S. E. 397), and followed in many other cases, to the effect that "the omission of specific acts of diligence prescribed by statute or by a valid municipal ordinance is negligence per se." In the instant case, we have a municipal ordinance which makes no effort to prescribe specific acts of diligence, but simply provides that the waterworks company shall be liable for and save the city harmless from any claim for damages on account of negligence. This could have no meaning other than such damages as are recoverable under the law.

The question is answered in the

Negative. All the Justices concur.