## 31038. WILSON v. GEORGIA POWER AND LIGHT COMPANY.

DECIDED FEBRUARY 7, 1946.

*Bennet, Peacock & Perry, E. P. Stapleton, H. G. Rawls,* for plaintiff.

*A. B. Conger, R. L. Cox,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) The general rule is that a resident of a city can not recover damages, in an action ex contractu or in an action ex delicto, from a waterworks company, for a loss by fire caused by a failure of the company to furnish, in accordance with its contract with the city, a sufficient supply of water to extinguish the fire. *Fowler* v. *Athens City Waterworks Co.,* 83 *Ga.* 219 (9 S. E. 673, 20 Am. St. R. 313); *Holloway* v. *Macon &c. Co.,* 132 *Ga.* 387 (64 S. E. 330); *Gnann* v. *Coastal Co.,* 44 *Ga. App.* 217 (160 S. E. 807); *Martha Mills* v. *Moseley,* 50 *Ga. App.* 536 (179 S. E. 159); *Washington Water Co.*

438

v. *Pope Mfg. Co.*, 176 *Ga.* 155, 161 (167 S. E. 286). However, counsel for the plaintiff in error earnestly contends that the instant case is an exception to the above-stated general rule, because the heretofore-quoted provision of the city ordinance granting the franchise to the defendant imposed upon it a legal duty, owed to any resident of the city whose house was on fire, to furnish a sufficient supply of water to extinguish the fire. In order to have that question finally determined, this court certified the question to the Supreme Court; and that court in its answer to the question held that the provision in question of the city ordinance did not constitute this case an exception to the general rule, since the ordinance "makes no effort to prescribe the specific acts of diligence, but simply provides that the waterworks company shall be liable for and save the city harmless from any claim for damages on account of negligence. This could have no meaning other than such damages as are recoverable under the law."

Under that ruling of the Supreme Court and the facts set forth in the petition, the trial court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*