### 34144. ATLANTA GAS LIGHT CO. *v.* JENNINGS.

WORRILL, J. Andrew Jennings sued the Atlanta Gas Light Company in the Superior Court of Richmond County alleging: that at approximately 9 o'clock on a certain night the defendant's negligence caused an explosion in its plant disabling its entire plant so that there was no service of gas in the house where the plaintiff boarded, that the flames in the gas floor-furnace near the head of the bed in which the plaintiff had already retired were extinguished, that as a result thereof the plaintiff's feet became frozen during the night, and that the plaintiff is now in the hospital where it is expected that one or both of his legs will have to be amputated. The defendant's general demurrer was overruled. To this judgment the defendant excepted. *Held:*

The breach of duty alleged is the failure of the company to supply gas. This duty is owed not to the entire public but only to those who apply for service and who agree to comply with the reasonable rules and regulations of the company. 43 Am. Jur., Public Utilities and Service, § 31. Thus the defendant owed the plaintiff no duty to supply gas. It has been held in Georgia that the duty violated must be owed to the person who sustained the loss. See: *Huckabee* v. *Grace*, 48 *Ga. App.* 621, 629 (173 S. E. 744). Here, the plaintiff, a boarder, seeks to hold the defendant, a public utility, for its failure to furnish gas to a third person, his landlady, and his petition is based on a breach of duty that the defendant owed not to him but its consumer, his landlady. The defendant, a public utility, had no contract, express or implied, to furnish the plaintiff, a boarder, personally with gas. The plaintiff did not sue for an affirmative act of negligence on the part of the defendant, but his action is based on a negative act, a failure of the defendant to supply gas to its consumer and not the plaintiff. The plaintiff is attempting to impose liability on the defendant for a breach of duty to a third person, and the plaintiff can recover if the defendant had a duty to supply him with gas, which it breached, but which it did not have in this case. Liability can not be imposed on a public

utility for its negligence in failing to supply gas to a consumer. If there is no duty to do an act, the non-performance of that act will give rise to no rights. See: German Alliance Ins. Co. v. Home Water Supply Co., 226 U. S. 220 (33 Sup. Ct. 32); Moch Co. v. Rensselaer Water Co., 247 N. Y. 160 (159 N. E. 896); Fowler v. Athens City Waterworks Co., 83 Ga. 219 (9 S. E. 673); Holloway v. Macon Gas Light & Water Co., 132 Ga. 387 (64 S. E. 330); Wilson v. Georgia Power & Light Co., 200 Ga. 207 (36 S. E. 2d, 757); Gnann v. Coastal Public Service Co., 44 Ga. App. 217 (160 S. E. 807); Martha Mills v. Moseley, 50 Ga. App. 536 (179 S. E. 159). The fact that the defendant was obligated to furnish gas to the owner of the home where the plaintiff boarded, or the fact that the plaintiff might have a claim against his landlady for failure to provide him with heat, does not afford him any right of action against this defendant. Accordingly the court erred in overruling the general demurrer.

*Judgment reversed. Felton and Carlisle, JJ., concur. Carlisle, J., was designated to preside in place of Sutton, C. J., disqualified.*

DECIDED SEPTEMBER 13, 1952—REHEARING DENIED SEPTEMBER 26, 1952.

*Fulcher & Fulcher, Moise, Post & Gardner,* for plaintiff in error.

*Pierce Brothers,* contra.