**Lois Ann WHITE and Potomac Insurance Company, Plaintiffs-Appellees,**

**v.**

**TENNESSEE–AMERICAN WATER COMPANY, Defendant-Appellant.**

Supreme Court of Tennessee.

Aug. 4, 1980.

James C. Lee, Lee & Hanzelik, Chattanooga, for plaintiffs-appellees.

Silas Williams, Jr., Chattanooga, for defendant-appellant.

## OPINION

HARBISON, Justice.

This case involves an action for breach of contract and negligence, brought by a customer (and her subrogating insurance carrier) against a water company, which was a regulated public utility. The complaint expressly charges that plaintiff was a paying customer of the defendant, and this allegation was admitted.

▮ On motion by the defendant, the trial judge held that the complaint failed to state a cause of action in tort or contract under the cases of *Foster v. Lookout Water Co.*, 71 Tenn. 42 (1879) and *Tipton v. Sparta Water Co.*, 165 Tenn. 647, 57 S.W.2d 793 (1933).[1]

The defendant concedes that those cases involved actions by members of the public against water companies for failure to furnish water to municipal fire hydrants. They were not cases in which a utility was sued for breach of its direct contract with the customer. Indeed, a critical point in both cases was that no such contract existed. Therefore, they are not in point and the briefs of the parties requesting this Court to re-evaluate those precedents and to reconsider them in light of developing case law in other states, are, in our opinion, irrelevant and not pertinent to the issues raised by the pleadings.

We find equally inappropriate the holding of the Court of Appeals that T.C.A. § 23–3004, abolishing the requirement of privity in actions for personal injury and property damage, has application to the factual situation alleged here. There was privity of contract in this case. It was alleged in the complaint and admitted in the answer.

The complaint alleges that because of a lack of water pressure at plaintiff's home, a small kitchen fire could not be extinguished. Allegedly the fire spread and destroyed the home and its contents. Plaintiff was paid by her insurance company to the limit of its policy. She brought this action for the use and benefit of her subrogating fire insurer, to the extent of its loss, and for her own damages in excess thereof.

The complaint alleged that on the date of the fire, January 22, 1976, and for a number of years prior thereto:

". . . plaintiff, White, had been a paying customer of the Water Company."

The answer of the defendant states:

"The defendant admits that the plaintiff was a customer of the defendant on January 22, 1976 and for some period of time prior thereto."

---

1. The trial judge sustained a motion for summary judgment filed by the defendant. The record indicates that affidavits and answers to interrogatories were utilized by the defendant in support of that motion. These, however, have been omitted from the record on appeal, and we have no way of knowing their contents.

The brief order in which the trial judge sustained the motion for summary judgment appears to be addressed more to the pleadings than to the contents of any supporting affidavits or interrogatories. Since the defendant apparently acquiesced in the abridgment of the record, omitting those documents, we have treated the case as though it had been disposed of by judgment on the pleadings.

These allegations dispense with any further consideration of the requirement of "privity" or of the statute cited and relied upon by the Court of Appeals.

One cannot become a "customer" of a utility without a contractual relationship. It is illegal for a person to use water, or any other property belonging to a utility, "without having previously contracted with the company therefor." T.C.A. § 65–2708. A utility, of course, is entitled to charge reasonable rates for its services, and the pleadings in this case state on their face that the plaintiff was paying the company for such services. There could be no plainer or clearer statement of "privity" of contract between these parties.

The action is, purely and simply, an action for breach of contract, or for negligence, brought by a customer directly against a utility for failure of the utility to render contracted services. In that respect it is quite similar to *Harris v. Columbia Water & Light Co.*, 114 Tenn. 328, 85 S.W. 897 (1904).

██ The provisions of the contract between the two contracting parties are not elaborated upon in great detail in the complaint, and had the defendant desired, it could have moved for a more definite statement. The complaint was not, however, subject to a motion to dismiss on the pleadings.

It alleged that the defendant had violated a number of regulations imposed by the Tennessee Public Service Commission. Those regulations bore upon the contractual relationship between the parties. They expressly required a utility to so design and operate its facilities as "to provide reasonably adequate and safe service to its customers . . . ." They specified the pressure to be maintained "at a customer service connection" "under normal conditions of use of water." They provided that a utility should make all reasonable efforts to prevent interruptions of service, and when interruptions occur the utility is required to re-establish service with the shortest possible delay consistent with the safety of its customers and the general public.

The regulations provide that where an emergency interruption would affect fire protection service, the utility should immediately notify appropriate officials. The utility is required to exercise "reasonable diligence to furnish a continuous and adequate supply of water to its customers and to avoid any shortage or interruption of delivery thereof." The regulations provided that if the utility found it necessary to restrict the use of water, it should notify its customers and give written notice to the Public Service Commission.

The defendant was charged with violating these regulations and also a general statute governing utilities. These regulations obviously bear upon the contractual relationship, express or implied, between the parties. The defendant did not deny the existence or applicability of the regulations. Instead, it denied any negligence or violation of its contractual or legal duties to the plaintiffs and alleged that the loss was due to independent intervening factors or causes not related to any acts or omissions by it. In addition the defendant relied upon other regulations of the Public Service Commission, excusing a variation from specified pressure limits by causes beyond the control of the utility.

Abundant issues for trial were made by these pleadings, and summary dismissal of the case was improper.

It is true that the complaint included some vague allegations concerning promises or proposals made by the defendant to the City of Chattanooga and to the Public Service Commission. These allegations might have been subject to a motion to strike or to a motion for more definite statement. However, they do not constitute the only basis for recovery alleged in the complaint. As drawn, they are probably too vague and conclusory to support any claim for relief. If they purport to rest upon a written instrument, Rule 10.03 T.R.C.P. should have been complied with. The defendant however, addressed its motion to the entire complaint, not to this single paragraph.

The judgment of the Court of Appeals, remanding this case for trial on its merits, is affirmed. Costs incident to the appeal are taxed to the defendant, appellant here. All other costs will abide the results of the trial.

BROCK, C. J., and FONES and COOPER, JJ., concur.