

**FILED**
**Jul 31, 2025**
**07:38 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jackie W. McClain | )  Docket No.     2024-30-6270 |
| | ) |
| v. | )  State File No.  860419-2024 |
| | ) |
| Golden Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer alleges the trial court erred in declining to dismiss the employee's petition for benefit determination based on a purported failure to state a claim upon which relief can be granted. The employer argued that the employee's petition was subject to dismissal, in part, because it included the language "toll the statute" and because it did not plead sufficient facts to put the employer on notice of "exactly what facts are at issue." The trial court determined that the employee's petition, on its face, identified disputed issues beyond merely tolling the statute of limitations and, in presuming the truth of the allegations and averments in the petition, it concluded the petition stated a claim upon which relief could be granted. We agree with the trial court's rationale and conclusions; thus, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

W. Troy Hart and Lauren N. Gray, Knoxville, Tennessee, for the employer-appellant, Golden Services, Inc.

J. Timothy Bobo, Clinton, Tennessee, for the employee-appellee, Jackie W. McClain

### Factual and Procedural Background

Jackie W. McClain ("Employee") worked at United States Department of Energy ("DOE") facilities in Oak Ridge, Tennessee between 1998 and 2020. On September 17, 2024, Employee filed a petition for benefit determination ("PBD") naming "CNS Y-12" as the employer potentially responsible for his claim. In his original petition, Employee

1

alleged he had been diagnosed with asthma, allergic rhinitis, hypertension, and sleep apnea as a result of "performing routine work duties." He also indicated on the petition, "I wish to toll my claim." His original petition included an allegation that a dispute existed regarding the amount of permanent disability benefits to which he was entitled. When asked to indicate his availability for mediation, Employee wrote, "Toll the statute."

On October 20, 2024, Employee filed an Amended Petition identifying "Golden Services, Inc." ("Employer") as the company potentially responsible for his claim.[1] This petition added new allegations regarding the development of other medical conditions, including anxiety, restless leg syndrome, GERD, and hearing loss, all of which he alleged developed due to "performing routine work duties while employed at the DOE facilities." A Second Amended Petition was filed November 21, 2024, adding neuropathy and Parkinson's Disease that allegedly developed "as a result of my exposure to toxins while working for [Employer] at [DOE] facilities from 1998 until 2020." Again, on this second amended petition, Employee stated, "I wish to toll my claim."

The case was assigned to a mediator, who issued a dispute certification notice ("DCN") on December 11, 2024. The DCN initially indicated that the case was being transferred to the court but that "no current dispute" exists. In a supplemental statement, however, Employer asked that the DCN be amended to reflect multiple disputes, including that the PBD was filed prematurely and that the PBD failed to include any evidence to "support exposure [or] causation." Employer also asserted that there was no "accident or injury within the scope and course of employment" and that the PBD "does not place the Defendants on notice of what are the true issues or allegations." Finally, Employer stated, "This is an ALL ISSUES case and there are no matters to which the parties stipulate." (Emphasis in original.)

In February 2025, Employer filed a motion to dismiss Employee's PBD pursuant to Tennessee Rule of Civil Procedure 12.02(6). In its motion, Employer acknowledged that, in considering such a motion, a trial court must take all allegations of fact in the petition as true. However, Employer argued that, even assuming the truth of all allegations in Employee's PBD, he had not asserted a claim upon which relief can be granted because the "sole purpose" of filing the PBD was to toll the statute of limitations. Specifically, Employer argued that "before filing a PBD it must be ripe for filing." It further asserted that "the only issue noted [on the PBD] is the issue of statute of limitations[;] therefore[,] it does not put Employer on notice of the facts."

Employee filed a response to Employer's motion to dismiss in which he argued that "[t]he Workers' Compensation law simply makes no provision for extending the period for filing a PBD until a claimant is finished treating . . ., has a reliable permanent impairment

---

[1] On May 8, 2025, the court entered an "Agreed Order for Voluntary Dismissal of Consolidated Nuclear Security, LLC," otherwise identified as "CNS Y-12."

rating assigned after reaching maximum medical improvement, and is thus ready to mediate." He also asserted there is no statutory or regulatory requirement that a claimant list availability for mediation as a prerequisite for filing a PBD. In support of his response to the motion, Employee also provided a copy of the Notice of Denial (Form C-23) filed by Consolidated Nuclear Security on September 19, 2024, indicating that the claim was denied due to lack of evidence of medical causation.

Following a hearing, the trial court issued an order on May 14 denying Employer's motion. The court reasoned that Employee's PBD identified disputed issues beyond merely tolling the statute of limitations. It further found that Employee's knowledge of his alleged work-related conditions was relevant to the running of his statute of limitations, as was Employer's decision not to voluntarily pay any workers' compensation benefits. Therefore, the trial court determined the petition was not subject to dismissal under Rule 12.02(6). Employer has appealed.[2]

## Standard of Review

When evaluating a trial court's decision regarding a motion to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6), we must review the trial court's determination *de novo* and consider whether, assuming the truth of all averments in the petition, the employee can prove no set of facts that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). Moreover, the interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

This dispute stems from several provisions of Tennessee's Workers' Compensation Law and applicable rules and regulations. Generally, to initiate a claim for workers'

---

[2] On July 17, 2025, Employee filed his brief on appeal, which was due on or before July 8, 2025. No motion for an extension of time had been filed prior to the date the brief was due. Employer filed a motion to strike later that day, citing the untimeliness of the filing, and Employee responded to the motion on July 22, 2025, asking that the brief be accepted despite its lateness. The statutes and regulations that set filing deadlines for interlocutory appeals are designed to ensure an efficient and timely resolution of issues on appeal. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2024). In this instance, our resolution of the issues raised in this appeal were not dependent on Employee's late-filed brief. Thus, under these circumstances, we grant Employer's motion to strike the late-filed brief and deny Employee's motion to suspend the rule addressing brief deadlines. As a result, Employee's request for oral argument, which was included in his late-filed brief, is denied as moot.

compensation benefits, the injured worker must file a PBD on a "form approved by the Administrator." Tenn. Comp. R. & Regs. 0800-02-21-.02(23)(a) (2023). The PBD is defined as "a written request for the [Bureau of Workers' Compensation] to assist in resolution of *disputed issues*." *Id.* (emphasis added). Moreover, the rule provides that it may be filed "at any time *after a dispute arises*." *Id.* (emphasis added).

To be considered timely, the PBD must be filed either: (1) within one year of the date of the accident in cases where no benefits have been paid voluntarily by the employer; or (2) within one year of the latter of the date of "the last authorized treatment or the time the employer ceased to make payments of compensation." Tenn. Code Ann. § 50-6-203(b) (2024). In cases where the employee alleges the development of a disease caused by occupational exposures, the PBD must be filed within one year of "the date of the beginning of the incapacity for work." Tenn. Code Ann. § 50-6-306(a). In some cases, particularly those in which the employee voluntarily retired or left the employment before the injury or disease manifested itself, the court will consider the date on which the employee "knew or reasonably should have known" of the development of a work-related condition causing disability. *See, e.g.*, *Nickerson v. Knox Cty.*, No. E2020-01286-SC-R3-WC, 2021 Tenn. LEXIS 124, at *7 (Tenn. Workers' Comp. Panel June 8, 2021).

Here, Employee alleged various work-related conditions caused by his "exposure to toxins" while working for Employer at DOE facilities between 1998 and 2020. To date, Employer has paid no benefits on the claim. Moreover, in its supplement to the DCN, Employer asserted that "ALL ISSUES" were disputed, and it denied that Employee's conditions occurred in the course and scope of his employment. During the motion hearing, Employer further asserted that no actual mediation had occurred and that the mediator apparently issued a DCN prematurely.[3]

We recently addressed a similar issue in *McNicholas v. Whelan Security Co.*, No. 2024-60-4924, 2025 TN Wrk. Comp. App. Bd. LEXIS 21 (Tenn. Workers' Comp. App. Bd. June 26, 2025), and explained as follows:

[T]o survive a Rule 12.02(6) motion to dismiss for failure to state a claim, the PBD must allege the existence of one or more unresolved disputes arising from the subject claim, including but not limited to disputes regarding the employee's alleged entitlement to temporary disability benefits, permanent disability benefits, past or future medical benefits, reimbursable expenses, a

---

[3] Employer does not directly allege that the DCN was issued prematurely; however, pursuant to Tennessee Code Annotated section 50-6-236(c) and (d), a DCN cannot be issued until the parties have been unable to resolve one or more issues following mediation. The applicable regulation provides that "alternative dispute resolution" initiated by a mediator can include "telephonic, electronic, or in-person interactions." Tenn. Comp. R. & Regs. 0800-02-21-.10(4) (2023). Thus, by alleging that "no mediation occurred" and that the mediator had issued a DCN, Employer is intimating that the DCN was issued prematurely. We find no evidence in the record to support that assertion.

dependent's claim for death benefits, and/or the amount of any such benefits owed. Hence, if a PBD includes allegations describing one or more such disputes, it is not subject to dismissal for failure to state a claim under that particular rule.

*Id.* at *8-9.

Employer first argues that Employee's PBD did not contain sufficient factual allegations to fairly put it on notice of the nature of Employee's claim for benefits. As provided in the Tennessee Rules of Civil Procedure, however, a petition "shall contain (1) a short and plain statement of the claim showing the pleader is entitled to relief, and (2) a demand for judgment for the relief." Tenn. R. Civ. P. 8.01. Here, Employee's initial PBD and subsequent amended PBDs alleged the development of various medical conditions and/or diseases he claimed were caused by "performing routine work duties" at "DOE facilities" and/or "as a result of exposure to toxins while working for [Employer]." We conclude such allegations are sufficient under Rule 8.01 to fairly put Employer on notice of the nature of Employee's claim. Moreover, Employer had at its disposal the discovery tools identified in the Tennessee Rules of Civil Procedure to seek additional information about the claim, and/or it could have filed a motion for more definite statement if it believed the factual allegations in the PBD were insufficient. *See, e.g.*, *White v. Tennessee-American Water Co.*, 603 S.W.2d 140, 142 (Tenn. 1980) (noting that, in response to "some vague allegations" in the complaint, the defendant had failed to file a motion for more definite statement, and the complaint was not subject to dismissal under Rule 12.02(6)).

Next, Employer asserted that a "premature" PBD filed for the "sole purpose" of tolling the statute of limitations is improper under the Tennessee Workers' Compensation Law and applicable rules and regulations. We conclude, however, that Employer's argument misconstrues the facts. Although the PBD and amended PBDs included language suggesting that Employee was seeking to "toll the statute," the PBDs also indicated there was a dispute as to the amount of permanent disability benefits owed to Employee. Thus, taking as true the allegations contained in the PBDs, it is clear that the PBDs asserted claims and sought relief in the form of permanent disability benefits, and they were not filed solely to toll the statute of limitations. Further, Employer acknowledged it had declined to pay any benefits to Employee, and it asserted this was an "ALL ISSUES" case. Thus, this is a denied claim in which Employee seeks workers' compensation benefits for various medical conditions he alleges were caused by occupational exposures while working for Employer. It is the very definition of a "disputed" claim. *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(23)(a) (2023) (stating a PBD may be filed "at any time after a dispute arises").

Finally, we agree with Employee that, in certain circumstances, an employee may be "forever barred" from seeking workers' compensation benefits if he or she fails to timely file a PBD within one year of certain dates. For example, the date an employee's statute of limitations begins to run can be impacted by the "date of the beginning of incapacity for

5

work." *See* Tenn. Code Ann. § 50-6-306(a). The running of the statute of limitations can also be triggered when the employee "knew or reasonably should have known" of the occurrence of a work-related condition causing disability, *see Nickerson*, 2021 Tenn. LEXIS 124, at *7; or the date the employee filed a claim for benefits under an applicable federal law for the same condition, *see, e.g.*, *Mayton v. Wackenhut Servs.*, No. E2010-00907-WC-R3-WC, 2011 Tenn. LEXIS 620, at *14 (Tenn. Workers' Comp. Panel July 18, 2011) (holding the employee had "actual or constructive knowledge" that his condition was work related as of the date he filed a claim for "federal benefits" under the EEOICPA).[4] Here, Employee acknowledged he is seeking benefits under federal law. Thus, Employee had a legal duty, and Employee's attorney had an ethical duty, to file a PBD seeking workers' compensation benefits within one year of the date his statute of limitations began to run as determined under the given circumstances of Employee's case. In short, we conclude Employee's PBD was not filed prematurely and contains sufficient allegations to withstand a motion to dismiss for failure to state a claim.

### Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.

---

[4] The Energy Employees Occupational Illness Compensation Program Act ("EEOICPA") is a federal statute that grants disability and/or medical benefits to certain workers at U.S. Department of Energy sites who are diagnosed with certain medical conditions. *See* 42 U.S.C. §§ 7384 *et seq.*



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Jackie W. McClain | ) | Docket No. 2024-30-6270 |
| | ) | |
| v. | ) | State File No. 860419-2024 |
| | ) | |
| Golden Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of July, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Lauren N. Gray | | | | X | wth@mijs.com<br>lngray@mijs.com |
| J. Timothy Bobo | | | | X | jtb@ridenourlaw.com<br>jml@ridenourlaw.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov